HARRIS, J.
In this matter involving a conviction for aggravated assault with a firearm and possession of a firearm by a convicted felon, appellant claims the court erred in not granting a new trial based on newly discovered evidence. We affirm.
At trial, there was a dispute as to how the events unfolded. The victim, Doster, agreed to purchase a truck from appellant and made a down payment with the balance being due when the truck was in running condition. Ruble, Doster’s roommate, was to take title to the truck and agreed to assist in the repairs.
On the fateful day, Doster and Ruble went to appellant’s house. Doster testified that he was invited over so that Ruble could help repair the truck. Appellant and his mother testified that Doster came to the home threatening and demanding the return of his money. Doster testified that appellant threatened him with a .44 magnum, chasing him from the property. Appellant and his mother testified that appellant carried the gun outside upon Doster’s arrival only to protect himself against a very angry Doster. The Carters, appellant’s neighbors, testified that they heard appellant tell Doster to leave several times and never saw appellant threaten Doster with the gun. The jury believed Doster and not appellant, his mother or the Carters.
Ruble was not called during the first trial apparently because he could not be located. After the conviction, however, he filed an affidavit stating in effect that he and Doster went to appellant’s house at which time Doster invited appellant out onto the street to fight and that appellant then went into his house to get the gun for protection but held it at his side and never pointed it at Doster.
The trial court held that the proffered testimony not only was in conflict with all the other witnesses as it related to when appellant obtained the gun, but was cumulative to the testimony of appellant, his mother, and the two Carters in relation to whether appellant ever threatened Doster with the gun. The court held that it was improbable that the result of the trial would have been different had Ruble testified. We agree.
AFFIRMED.
GRIFFIN and SAWAYA, JJ., concur.